James A. Keller (PA 78955)
James.Keller@saul.com
Jessica L. Meller (PA 318380)
Jessica.Meller@saul.com
SAUL EWING ARNSTEIN & LEHR LLP
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA  19102
Tel: 215.972.7777
Fax: 215.972.4168

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDAN O'KEEFE<br><br>          Plaintiff,<br><br>     v.<br><br>LEHIGH UNIVERSITY and LEHIGH UNIVERSITY POLICE OFFICERS JOHN DOE I and II<br><br>          Defendant. | No.  2019-C-0573 |

## NOTICE OF REMOVAL

Defendant Lehigh University (the "University"), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq*.  The grounds for removal are as follows:

1.      Plaintiff commenced this action against the University by filing a civil action complaint in the Court of Common Pleas of Lehigh County, Pennsylvania.  That matter is captioned as Civil Action No. **2019-C-0573**, and a copy of the Complaint ("Complaint") is attached to this Notice as **Exhibit A**.

2.      Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3.      Pursuant to 28 U.S.C. § 1441, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2) (emphasis added).

4.      The Complaint has not been served on the University. A copy of the docket from the state court proceedings in this matter as of the time of the filing of this Notice, which does not show service of process, is attached as **Exhibit B**.

5.      As a result, the provisions of 28 U.S.C. § 1441(b)(2), commonly referred to as "the forum defendant rule," are inapplicable to the instant matter because the University, although a Pennsylvania citizen, has not been "properly joined ***and served***" in the state court action. *See* 28 U.S.C. § 1441(b)(2); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.,* 17-1479, 2018 WL 3999885, at *2 -*3 (3d Cir. Aug. 22, 2018) (holding that removal to federal court was appropriate where defendant's notice of removal was filed prior to accepting service in the state court action).

6.      Specifically, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because the Plaintiff's Complaint in this action, which was filed on February 26, 2019, has not been served on the University.  This Notice of Removal is filed within thirty (30) days of the filing of the Complaint and within one year of the commencement of the action, so that it is timely filed under 28 U.S.C. § 1446(b).

7.      Pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy

34321999.3 03/01/2019

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

8.      Plaintiff's civil action includes a claim in excess of $150,000 in damages.

9.      Plaintiff is a citizen of New Jersey. Exhibit A at ¶ 10.

10.      The University is private research university in the Commonwealth of Pennsylvania, with its principal place of business at 27 Memorial Drive West, Bethlehem, PA 18015, within this federal district.

11.      Since this civil action involves a matter in controversy that exceeds the sum of $75,000 and is between citizens of different States – Pennsylvania and New Jersey – the action is properly removed to this Court pursuant to 28 U.S.C. § 1332.

12.      A true and correct copy of this Notice will be promptly filed with the Court of Common Pleas of Lehigh County, pursuant to 28 U.S.C. § 1446(d).

13.      Written notice of the filing of this Notice will be promptly served on Plaintiff, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, Defendant Lehigh University respectfully requests that Plaintiff's civil action be removed from the Court of Common Pleas of Lehigh County to the United States District Court for the Eastern District of Pennsylvania.

34321999.3 03/01/2019

Respectfully submitted,

/s/ James A. Keller
James A. Keller (PA 79855)
James.Keller@saul.com
Jessica L. Meller (PA 318380)
Jessica.Meller@saul.com
SAUL EWING ARNSTEIN &
LEHR LLP
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA  19102
Tel: 215.972.7777
Fax: 215.972.4168

Dated:  March 1, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Notice of Removal was

served today on the following via first class mail, postage prepaid, addressed as follows:

William Spade, Esq.
1525 Locust Street
Suite 1400
Philadelphia, PA 19102
Phone: 215-260-95900
<u>will@spadelaw.com</u>


<u>/s/ James A. Keller</u>

Dated:  March 1, 2019                                James A. Keller

# EXHIBIT A

FILED 2/26/2019 12:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0573    /s/D N

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

CIVIL DIVISION

|  |  |  |
|---|---|---|
| Brendan O'Keefe | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | File No. |
| | : | |
| Lehigh University and Lehigh | : | |
| University Police Officers | : | |
| John Doe I and II   Defendant | : | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

FILED 2/26/2019 12:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0573      /s/D N

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.


IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE

TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER

LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.


LAWYER REFERRAL SERVICE

P.O. BOX 1324

ALLENTOWN, PENNSYLVANIA 18105-1324

TELEPHONE:  610-433-7094

_____
Signature

William Spade, Esquire, Sup. Ct. I.D. #58965
_____
(Name)

1525 Locust Street, Suite 1400, Phila., PA 19102
_____
(Address)

215-260-9590
_____
(Telephone Number)

IN THE COURT OF COMMON PLEAS OF
LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| BRENDAN O'KEEFE<br>411 5th Avenue<br>Bradley Beach, N.J. 07720 | CIVIL ACTION<br><br>NO. |
| Plaintiff, | |
| v. | |
| LEHIGH UNIVERSITY,<br>27 Memorial Drive West<br>Bethlehem, PA  18015, and, | TRIAL BY JURY DEMANDED |
| and | |
| Lehigh University Police Officers<br>John Doe I and II | |
| Defendants. | |

### COMPLAINT

Plaintiff, Brendan O'Keefe, by and through his attorney, William Spade,

Esquire, hereby files this Complaint and avers the following:

### I.  INTRODUCTION AND NATURE OF ACTION

1.  This case arises out of the actions taken and procedures

employed by Defendant Lehigh University ("Lehigh University") concerning

allegations made against Brendan O'Keefe, an undergraduate civil

engineering student at Lehigh University.  On April 8, 2017, Brendan O'Keefe,

who was 22 years-old and a senior at Lehigh University, went to Molly's Irish

Grille & Sports Pub, located at East 4th Street and New Street in Bethlehem,

Pennsylvania, and drank beer with friends.  On the way home, at

approximately 11:02 p.m., after having walked a quarter of a mile, Mr.

O'Keefe tripped on extremely uneven sidewalk pavers on the 100 block of

Morton Street, off campus.  He was only one block from his apartment at the

time.  Two men who were nearby, Antonio Estrella and Adam Sawicki,

approached Mr. O'Keefe to help him up.  A Lehigh University police officer –

Officer John Doe I for the purposes of this Complaint – who was on a bicycle,

saw Mr. O'Keefe and detained him for questioning, even though Mr. O'Keefe

was not creating a disturbance and was not a danger to himself or others.

Officer John Doe I attempted to handcuff Mr. O'Keefe who did not consent to

this offensive and harmful contact.  Mr. O'Keefe, who was frightened by

Officer John Doe I's actions, attempted to avoid being handcuffed.  Another

Lehigh University police officer -- Officer John Doe II for the purposes of this

Complaint -- then came onto the scene and Officers John Doe I and II forcibly

handcuffed Mr. O'Keefe.  Officer John Doe II then forcibly and unlawfully

administered a breathalyzer test which allegedly resulted in a Blood Alcohol

Content ("BAC") level of .34, which had to be false since it would have meant

that Mr. O'Keefe was unconscious.  At the time that Officer John Doe II

administered the breathalyzer, Mr. O'Keefe was handcuffed and the officer

repeatedly jammed the breathalyzer machine into Mr. O'Keefe's mouth causing him fear, bodily injury, and emotional distress.  The officers then forced Mr. O'Keefe to be transported to Saint Luke's Hospital against his will.

2.      A blood alcohol content level of .34 would result in the person suffering from alcohol poisoning and loss of consciousness.  Some commentators describe a BAC of .35 as being the same as surgical anesthesia and warn that a coma is possible at this level of intoxication.  However, the emergency medical technician who responded to the scene described Mr. O'Keefe as "alert & oriented X3 (person, place, and time)."  One of the bystanders who attempted to help Mr. O'Keefe when he tripped on the uneven sidewalk, Antonio Estrella, described Mr. O'Keefe as "talking and making sense."  The St. Luke's Hospital emergency room physician who examined Mr. O'Keefe approximately 30 minutes after his arrest found that, while clinically intoxicated at a moderate level, Mr. O'Keefe was alert and had a normal mood and affect.  The physician discharged Mr. O'Keefe a mere 31 minutes after he arrived at the emergency room.

3.      Without investigating the facts, Lehigh University falsely charged Brendan O'Keefe with violating the Respect for Self (Unhealthy Consumption) provision of the Student Conduct Handbook because he was allegedly highly intoxicated and had to be taken to the hospital.  On November 28, 2017, Lehigh University held a hearing.  The hearing panel consisted of Professor Anne Anderson, Professor Irina Panovska, Theresa Ridings, a Lehigh University student, and a second unnamed student.  The

3

hearing was moderated by Christopher J. Mulvihill, Associate Dean of Students, even though he had demonstrated bias against Mr. O'Keefe during the disciplinary process.  Ignoring the evidence, the hearing panel found Brendan O'Keefe responsible for a violation of Section V.B. of the Lehigh Student Conduct Handbook.  Section V.B. is entitled "Respect for Self" and the proscribed conduct is the "consumption or distribution of alcohol in a manner detrimental to one's health or safety (or the health and safety of others)."  The panel imposed a sanction of expulsion on Mr. O'Keefe.

4.      When defendant Lehigh University found Brendan O'Keefe responsible for violating the Respect for Self provision of the Student Conduct Handbook and expelled him, Mr. O'Keefe was not afforded due process. Defendant Lehigh University failed to adhere to its own guidelines and regulations, and the guidelines and regulations themselves are insufficient to enable a student to have a fair hearing before an impartial tribunal.  The decision reached was erroneous.

5.      Brendan O'Keefe has been greatly damaged by his expulsion: his academic future is severely damaged; the money spent by his family to obtain a college education at Lehigh University lost; and the real sacrifices made by Brendan O'Keefe's family so that he could obtain a college degree wasted.  Brendan O'Keefe therefore brings this action for among other things, breach of contract and violations of various state laws.  He seeks declaratory, monetary and other appropriate relief to redress the intentional violations by defendant Lehigh University of his rights under the laws of the

4

FILED 2/26/2019 12:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0573     /s/D N

Commonwealth of Pennsylvania.

## II.    JURISDICTION

6.      The Court of Common Pleas of Lehigh County, Pennsylvania has jurisdiction over this matter pursuant to 42 Pa.C.S.A. § 931(a), which provides as follows: "Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule . . . vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings . . . ." Article V, Section 5 of the Pennsylvania Constitution also confers unlimited subject matter jurisdiction on Pennsylvania courts of common pleas for all cases except as may otherwise be provided by law.

7.      The court has personal jurisdiction over Lehigh University pursuant to 42 Pa.C.S.A. § 5301(a)(2)(iii) because it is a corporation that does continuous and systematic business in the Commonwealth of Pennsylvania.  The court has personal jurisdiction over Officers John Doe I and II pursuant to 42 Pa.C.S.A. § 5301(a)(1)(ii) because they reside in the Commonwealth of Pennsylvania.

8.      The amount in controversy, exclusive of interest and costs, exceeds the sum of One Hundred Fifty Thousand ($150,000.00) Dollars.

## III.    VENUE

9.      All the claims herein arose within the jurisdiction of the Lehigh County Court of Common Pleas and involve defendants who reside, have their principal place of business in, or do business within the jurisdiction limits.

5

Accordingly, venue is proper.

## IV.    PARTIES

10.    Plaintiff Brendan O'Keefe is an adult citizen of the United

States, who resides at 411 Fifth Avenue, Bradley Beach, N.J. 07720.

11.    Defendant Lehigh University is a private University located at 27

Memorial Drive West, Bethlehem, PA  18015.

12.    Upon information and belief, Officers John Doe I and II are adult

citizens of Pennsylvania who reside in Lehigh County, Pennsylvania.

## V.    FACTS

13.    On April 8, 2017, Brendan O'Keefe, who was 22 years-old and a

senior at Lehigh University, went to Molly's Irish Grille & Sports Pub, located

at East 4th Street and New Street in Bethlehem, Pennsylvania, and drank

beer with friends.  On the way home, at approximately 11:02 p.m., Mr.

O'Keefe tripped on extremely uneven sidewalk pavers on the 100 block of

Morton Street, off campus.  Mr. O'Keefe had been walking for a quarter of a

mile at that point and was only one block from his apartment.  Two men who

were nearby, Antonio Estrella and Adam Sawicki, approached Mr. O'Keefe to

help him up.  Lehigh University police officer John Doe, who was on a bicycle,

saw Mr. O'Keefe and detained him for questioning, even though Mr. O'Keefe

was not creating a disturbance and was not a danger to himself or others.

Officer John Doe I attempted to handcuff Mr. O'Keefe who did not consent to

this offensive and harmful contact.  Mr. O'Keefe, who was frightened by

Officer John Doe I's actions, attempted to avoid being handcuffed.  Officer

6

John Doe II then came onto the scene and Officers John Doe I and II forcibly

handcuffed Mr. O'Keefe.  Officer John Doe II then forcibly and unlawfully

administered a breathalyzer test which allegedly resulted in a Blood Alcohol

Content ("BAC") level of .34, which was obviously false since Mr. O'Keefe

was not unconscious.  At the time that Officer John Doe II administered the

breathalyzer, Mr. O'Keefe was handcuffed and the officer repeatedly jammed

the breathalyzer machine into Mr. O'Keefe's mouth causing him fear, bodily

injury, and emotional distress.  The officers then forced Mr. O'Keefe to be

transported to the Saint Luke's Hospital emergency room against his will.

14.     A blood alcohol content level of .34 would result in the

person suffering from alcohol poisoning and loss of consciousness.  Some

commentators describe a BAC of .35 as being the same as surgical

anesthesia and that a coma is possible at this level of intoxication.  However,

the emergency medical technician who responded to the scene described Mr.

O'Keefe as "alert & oriented X3 (person, place, and time)."  One of the

bystanders who attempted to help Mr. O'Keefe when he tripped on the

uneven sidewalk, Antonio Estrella, described Mr. O'Keefe as "talking and

making sense."  The St. Luke's Hospital emergency room physician who

examined Mr. O'Keefe approximately 30 minutes after his arrest found that he

was only moderately intoxicated; and that he was alert and had a normal

mood and affect.  Mr. O'Keefe did have dangerously high blood pressure as a

result of being assaulted by the Lehigh University police officers.  The

emergency room physician discharged Mr. O'Keefe a mere 31 minutes after

he arrived at the emergency room.

15.    Without investigating the facts, Lehigh University falsely charged Brendan O'Keefe with violating the Respect for Self (Unhealthy Consumption) provision of the Student Conduct Handbook because he was allegedly highly intoxicated and had to be taken to the hospital.  On November 28, 2017, Lehigh University held a hearing.  The hearing panel consisted of Professor Anne Anderson, Professor Irina Panovska, Theresa Ridings, a Lehigh University student, and a second unnamed student.  The hearing was moderated by Christopher J. Mulvihill, Associate Dean of Students, even though he had demonstrated bias against Mr. O'Keefe during the disciplinary process.  Ignoring the evidence, the hearing panel found Brendan O'Keefe responsible for a violation of Section V.B. of the Lehigh Student Conduct Handbook.  Section V.B. is entitled "Respect for Self" and the proscribed conduct is the "consumption or distribution of alcohol in a manner detrimental to one's health or safety (or the health and safety of others)."  The panel imposed the sanction of expulsion on Mr. O'Keefe.  As a result of being expelled, Mr. O'Keefe was not able to complete his senior year of college and did not obtain his civil engineering degree.

16.    When defendant Lehigh University found Brendan O'Keefe responsible for violating the Respect for Self provision of the Student Conduct Handbook and expelled him, Mr. O'Keefe was not afforded due process. Defendant Lehigh University failed to adhere to its own guidelines and regulations, and the guidelines and regulations themselves are insufficient to

8

enable a student to have a fair hearing before an impartial tribunal.  The

decision reached was erroneous.

VI.     **AGREEMENTS, REPRESENTATIONS, COVENANTS
& WARRANTIES BETWEEN BRENDAN
O'KEEFE AND LEHIGH UNIVERSITY**

17.     Prior to his enrollment at Lehigh University, Brendan O'Keefe

was a successful high school student at Saint Joseph High School in

Metuchen, New Jersey.  He had attained a 4.111 grade point average, was

an Eagle Scout, was a member of the American Society of Civil Engineers,

and participated in various athletic and charitable activities.  He had a bright

future ahead of him.

18.     After weighing the various factors and considerations of each

college, Brendan O'Keefe made a conscious and informed decision to pursue

a college education at Lehigh University, and to begin classes for the 2012-13

academic year.

19.     Upon his acceptance, defendant Lehigh University provided

Brendan O'Keefe with a copy of its Lehigh Student Conduct Handbook.  This

document is readily available on Lehigh University's web site, which also

contains other policies, regulations, and representations made by Lehigh

University.  The Lehigh University Student Conduct Handbook states, among

other things, that:

"The University Committee on Discipline"

Role.  The University Committee on Discipline is responsible for
hearing cases to determine student or organization accountability for
violations of this Code of Conduct in a manner that ensures **fundamental
fairness**, and to assign sanctions in cases where responsibility is determined.

9

FILED 2/26/2019 12:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0573      /s/D N

*See* Lehigh Student Conduct Handbook, pg. 42, Article X, Section I.E.1.

(emphasis added).

20.     The Lehigh Student Conduct Handbook also contains a

description of the Lehigh University Police Department ("LUPD"), which

states, in pertinent part, that the LUPD:

> Provides a secure and safe environment through professional service
> to the community.

*See* Lehigh Student Conduct Handbook, pg. 9.

## FIRST CAUSE OF ACTION
## ASSAULT AND BATTERY
## AGAINST DEFENDANT LEHIGH
## UNIVERSITY AND ITS AGENTS, OFFICERS JOHN DOE I AND II

21.     The allegations set forth in paragraphs 1-20 are incorporated

herein by specific reference as if fully set forth.

22.     On April 8, 2017, Lehigh University Police Officers John Doe I

and II intentionally and forcibly attempted to injure, and did in fact injure

Brendan O'Keefe when Officers Doe I and II forcibly placed Mr. O'Keefe into

handcuffs, and then forcibly jammed a breathalyzer apparatus into Mr.

O'Keefe's mouth.

23.     Officers John Doe I and II's actions in forcibly placing Mr.

O'Keefe into handcuffs, and jamming a breathalyzer apparatus into his mouth

constituted a harmful and offensive contact with Mr. O'Keefe's person and

caused Mr. O'Keefe to be in imminent apprehension of such contact.

24.     Officers John Doe I and II's actions in forcibly placing Mr.

FILED 2/26/2019 12:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0573      /s/D N

O'Keefe into handcuffs and jamming a breathalyzer apparatus into his mouth were unnecessary and excessive since Mr. O'Keefe had not violated any laws and was not a danger to himself or others.

25.    Officers John Doe I and II's actions in unnecessarily, and with excessive force, placing Mr. O'Keefe into handcuffs and jamming a breathalyzer apparatus into his mouth constituted an Assault.

26.    Officers John Doe I and II intended to cause the harmful and offensive contact with Mr. O'Keefe and in fact did cause a harmful and offensive contact with Mr. O'Keefe when they forcibly placed him into handcuffs and then repeatedly and violently jammed a breathalyzer apparatus into Mr. O'Keefe's mouth.   Their actions constituted a Battery.

**WHEREFORE**, Plaintiff Brendan O'Keefe demands judgment against Defendant Lehigh University and Officers John Doe I and II with the following relief:

    a.  Compensatory damages in an amount in excess of $150,000.00, including interest from the date plaintiff O'Keefe was expelled from Lehigh University;

    b.  That Lehigh University vacate the finding of responsibility for a violation of the Section V.B. "Respect for Self" provision of the Lehigh Student Conduct Handbook and expunge the finding and sanction from Brendan O'Keefe's disciplinary file;

    c.  Reasonable attorney's fees and costs;

    d.  Expenses, costs and disbursements; and

FILED 2/26/2019 12:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0573     /s/D N

e. Such other and further relief as the Court deems reasonable

and just.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
## AGAINST DEFENDANT LEHIGH UNIVERSITY

27.    The allegations set forth in paragraphs 1-26 are incorporated

herein by specific reference as if fully set forth.

28.    A contractual relationship, either express or implied, existed

between Lehigh University and Brendan O'Keefe.  The contract was formed

by Mr. O'Keefe's payment of tuition and fees to Lehigh University and by the

terms set forth in Lehigh University's Student Conduct Handbook, University

Catalogue and other policies, regulations, and representations made by

Lehigh University on its web site, which were all deemed part of that contract.

29.    Lehigh University represented to Brendan O'Keefe that it had

disciplinary policies and procedures that were equitable and that accorded

fundamental fairness, due process and equal protection to the accused in

misconduct cases.  Lehigh University represented in its Student Conduct

Handbook, University Catalogue, and other policies, regulations, and

representations on its web site that it had in place disciplinary policies and

procedures that accorded fundamental fairness, due process and equal

protection to the accused in misconduct cases.  However, Lehigh University

did not act in accordance with the representations in its Student Conduct

Handbook, University Catalogue, and other policies, regulations, and

representations on its web site in investigating and adjudicating the allegation

12

of misconduct against Brendan O'Keefe, imposing the sanction of expulsion, and in deciding and denying Mr. O'Keefe's appeal of the finding of responsibility and the sanction of expulsion.  Lehigh University's failure to act in accordance with the representations made in its Student Conduct Handbook, University Catalogue, and other policies, regulations, and representations on its web site breached its agreement that it would afford fundamental fairness and due process, and equal protection to students accused of misconduct.

30.    Defendant Lehigh University breached the express and/or implied terms of its contract with Brendan O'Keefe.  Specifically, Lehigh University breached its contract with Brendan O'Keefe by failing to comply with the policies and procedures it claimed to have in place in its Student Conduct Handbook, University Catalogue, and other policies, regulations, and representations on its web site for investigating and adjudicating complaints of student misconduct.

31.    As a direct, foreseeable, and proximate result of these breaches by defendant Lehigh University, Brendan O'Keefe was expelled from Lehigh and was not able to obtain his civil engineering degree, thus sustaining tremendous damages, including, without limitation, emotional distress, loss of educational opportunities, reputational damages, economic injuries (including a loss or diminishment of future income), and other direct and consequential damages.

**WHEREFORE**, Plaintiff Brendan O'Keefe demands judgment against

13

Defendant Lehigh University with the following relief:

    a.  Compensatory damages in an amount in excess of $150,000.00,
including interest from the date plaintiff O'Keefe was expelled from
Lehigh University;

    b.  That Lehigh University vacate the finding of responsibility for a
violation of the Section V.B. "Respect for Self" provision of the
Lehigh Student Conduct Handbook and expunge the finding and
sanction from Brendan O'Keefe's disciplinary file;

    c.  Reasonable attorney's fees and costs;

    d.  Expenses, costs and disbursements; and

    e.  Such other and further relief as the Court deems reasonable and
just.

**THIRD CAUSE OF ACTION**
**FALSE IMPRISONMENT**
**AGAINST OFFICERS JOHN DOE I & II**

32.    The allegations set forth in paragraphs 1-31 are incorporated
herein by specific reference as if fully set forth.

33.    On April 8, 2017, at approximately 11:02 p.m., Lehigh University
Police Officers John Doe I and II encountered Brendan O'Keefe off campus
on the 100 block of Morton Street in Bethlehem, Pennsylvania.  Mr. O'Keefe
had tripped on extremely uneven sidewalk pavers.  According to a bystander,
Mr. O'Keefe was "talking and making sense."  Mr. O'Keefe was only one
block from his home.  Even though Mr. O'Keefe was not creating a
disturbance and was not a danger to himself or others, Officer John Doe I

14

attempted to handcuff Mr. O'Keefe, who did not consent to this offensive and

harmful contact.  Mr. O'Keefe, who was frightened by Officer John Doe I's

actions, attempted to avoid being handcuffed.  Officer John Doe II then came

onto the scene and Officers John Doe I and II then forcibly handcuffed Mr.

O'Keefe.

34.     Officers John Doe I & II detained Mr. O'Keefe when they

handcuffed him without his consent and against his will.

35.     The actions of Officers John Doe I & II in handcuffing Mr.

O'Keefe without his consent and against his will was an unlawful detention.

**WHEREFORE**, Plaintiff Brendan O'Keefe demands judgment against

Defendant Lehigh University with the following relief:

a.  Compensatory damages in an amount in excess of
    $150,000.00, including interest from the date plaintiff O'Keefe
    was expelled from Lehigh University;

b.  That Lehigh University vacate the finding of responsibility for a
    violation of the Section V.B. "Respect for Self" provision of the
    Lehigh Student Conduct Handbook and expunge the finding and
    sanction from Brendan O'Keefe's disciplinary file;

c.  Reasonable attorney's fees and costs;

d.  Expenses, costs and disbursements; and

Such other and further relief as the Court deems reasonable and just.

FILED 2/26/2019 12:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0573      /s/D N

**FOURTH CAUSE OF ACTION**
**(Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S.A. §**
**201-1, et seq.)**

36.      The allegations set forth in paragraphs 1-35 are

incorporated herein by specific reference as if fully set forth.

37.      At all times material hereto, Lehigh University offered for

sale to the public, educational services.

38.      In connection with the sale of its educational services and

collection of tuition, fees and costs related thereto, Lehigh University

committed various unfair and deceptive acts and practices in violation of the

Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S.A. § 201-1,

et seq. ("UTPCPL"), including, but not limited to:

> a.      Representing, warranting and guaranteeing in writing that
> Lehigh University trained its employees and agents in the
> proper and unbiased investigation and adjudication of
> complaints of misconduct and trained its police officers in
> the proper use of force, when in fact it had not;
>
> b.      Representing that Brendan O'Keefe would receive a fair
> and impartial hearing in connection with any allegations
> of misconduct, when he would not;
>
> c.      Representing that Brendan O'Keefe would receive
> adequate notice of and due process in connection with
> allegations of misconduct, when he would not; and,
>
> d.      misrepresenting Lehigh University's compliance with the
> laws of the Commonwealth of Pennsylvania;

39.      Brendan O'Keefe relied upon the various warranties and

misrepresentations of Lehigh University in entering his agreement with Lehigh

University and in continuing to make payments to Lehigh University.

16

FILED 2/26/2019 12:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0573      /s/D N

40.     Lehigh University's unfair and deceptive conduct
constituted untrue representations of the characteristics and benefits of
Lehigh University's educational services; constituted untrue representations
that Lehigh University's educational services were of a particular standard or
quality; constituted a failure to comply with the terms of a written guarantee or
warranty; and constituted deceptive conduct which created a likelihood of
confusion and misunderstanding = all within the meaning of §3 of the
UTPCPL and §§2(4)(v), (vii), (xvi) and (xxi) of the UTCPL.

**WHEREFORE,** Plaintiff Brendan O'Keefe demands that judgment be
entered in his favor and against Defendant Lehigh University for the following
relief:

(a)     Find, determine and declare that Lehigh University's business
practices violate the UTPCPL;

(b)     Enjoin Lehigh University from continuing to investigate and
adjudicate claims of misconduct in the manner prescribed by the student
Handbook;

(c)     Award actual and/or statutory damages including attorney's fees
and costs; and,

(d)     Grant such any and other further relief that is just and proper
under the circumstances.

17

William Spade, Esquire
Pennsylvania Attorney I.D. No. 58965
Law Offices of William Spade
1525 Locust Street
Suite 1400
Philadelphia, PA 19102
(215) 260-9590
(215) 732-0124 (fax)
will@spadelaw.com

Counsel for Plaintiff,
BRENDAN O'KEEFE

DATED:  February 24, 2019

18

FILED 2/26/2019 12:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0573      /s/D N

## JURY DEMAND

Plaintiff demands a jury trial as to each Defendant and as to each

count.

William Spade
Counsel for Plaintiff,
BRENDAN O'KEEFE

19

VERIFICATION

I verify that the statements made in this pleading are true and correct. I understand that false statements herein made are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_Bernhard Kuhc_  2/21/19
(Plaintiff's Signature)

# EXHIBIT B

Skip to Main Content Logout My Account My Cases Search Menu New Civil Search Refine Search  Back          Location : Judicial Records   Images Help

# REGISTER OF ACTIONS
## CASE NO. 2019-C-0573

| | |
|---|---|
| Brendan OKeefe - VS - Lehigh University, Lehigh University Police Officer, §<br>John Doe I & II §<br>§<br>§<br>§ | Case Type: **Contract Buyer Plaintiff**<br>Date Filed: **02/26/2019**<br>Location: **Civil Records** |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **John Doe I & II** | |
| Defendant | **Lehigh University** | |
| Defendant | **Lehigh University Police Officer** | |
| Plaintiff | **OKeefe, Brendan** | **William Spade, Esq**<br>*Retained*<br>215-260-9590(W) |

### EVENTS & ORDERS OF THE COURT

| | |
|---|---|
| | **OTHER EVENTS** |
| 02/26/2019 | **Contract Buyer Plaintiff**<br>*Civil Cover Sheet* |
| 02/26/2019 | **New Action Complaint**<br>*Damages prayed in Counts I thru III in an amt in excess of $150,000.00. Count IV, see original for details.* |

### FINANCIAL INFORMATION

**Plaintiff** OKeefe, Brendan
Total Financial Assessment                                                          177.50
Total Payments and Credits                                                          177.50
**Balance Due as of 03/01/2019**                                                   **0.00**

| 02/26/2019 | Transaction Assessment | | 177.50 |
|---|---|---|---|
| 02/26/2019 | E-File Electronic Payment     Receipt # E-2019-01913 | O'Keefe, Brendan | (177.50) |